IN THE UNITED STATES
FEDERAL COURT FOR THE
MIDDLE DISTRICT
P.O. BOX 711

RECEIVED
2006 AUG 16 A 9:39

EXHIBIT "A"

RANDELL HAMPTON )
#226420, Plaintiff )
etal  vs.   Pro se ) Civil Action No#
Doctor Sediet etal ) 2:06-CV-400-MHT
PMS, defendants )
etal Similar situated )
         DEFENDANT )

Affidavit on Personal
Knowledge Pursuant frcp Rule 56(e)

The Plaintiff, RANDELL HAMPTON Is over, The Age of Twenty ONE, And DOES Hereby MAKES this Affidavit on Personal Knowledge.

I.

The Plaintiff Alledged In His Medical Lawsuit, that the above defendants At Bullock County Correctional facility (ONE)
1) Denied HE, The Plaintiff, "Improper" medical care, to Violate the CRIMINAL Counter Part of 42 U.S.C. 1983 of, 18 U.S.C. 242 [,]

-1-

2) <u>The Plaintiff Contends</u>, what was done was done under, the <u>Color of Law, and giving Rise to a Colorable Claim</u>, under <u>Bivens vs Six Unknowned agents 403 U.S. At 388</u> (Federal Rules Civil Procedure) Rule 56(e) At, 477 U.S. At 2510.

## II.

3) <u>The Plaintiff</u> does so Alledge [on] Personal knowledge, that the, Simiular Situated defendant, must Have Acted, under the Color of Law, when they caused ... <u>Inadequate medical Care to occur</u> At, 111 S.Ct. At 2326, and 2327 <u>Wilson V. Seiter</u>, giving Rise to [A] ... <u>Constitutional Amendment Eighth Claim</u> under, Deliberate Indifferent Standard.

4) The Plaintiff Alledge's, and REAlledge's That the Defendants caused the .... deliberate Indifference Claims to occur when they, Denied the Plaintiff or Plaintiffs' of Improper medical Care At, 429 U.S. At, 106, applying Deliberate Indifferent Standards he to Improper or Inadequate medical Care.

-- 2 --

<u>Rising to The Level
of Eighth Amendment Claims</u>

### III.

5) The Plaintiff contends, "what was done," was done, to violate, 398 U.S. at 144 when the Defendants acted under the Color of Law, i.e. [to] Violate Federal Statutes at, 42 U.S.C. 1983 (1)(2)(3)(4)(5) of <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946), where Each and Every Member of [A] Conspiracy designed to Deny any Inmate, such as The Plaintiff of proper medical care, would further, Violate <u>Estelle vs. Gamble</u>, 429 U.S. at 106, where The Court Reads, The Complaint with <u>The Personal Affidavits</u> of Plaintiff on Personal Knowledge, (FRCP) Admissions Rule 36, and 56(e) on merits.

### IV.

6). The Plaintiff complained that due to his medical condition i.e. [A] medical condition, that causes his muscles to Lock up, causeing The Plaintiff, to RE Hurt (him self) For, 429 U.S. at 106.

-3-


## V.

### Punitive Damages
### Proper 461 U.S. 30-75

1) The Plaintiff filed, his 42 U.S.C. 1983 Lawsuit against the defendants for Denying (he the Plaintiff) of Proper medical care, and as Proper medical care was Denied, the same, cause the Plaintiff Emotional distress, Having been put In [2] Situation, unable to do for Him Self at, medical Needs, where Same Denial

(a) Denied Improper medical care

(b) Give rise to the Defendants Beening deliberate Indifferent, i.e. to the Plaintiff medical Needs.

(c) And violate the Plaintiff Rights under color of Law 398 U.S. 144

(d) where Punitive damages Proper 42 U.S.C. 1983 (1)(2)(3)(4)(5) Bivens vs. Six unknown agents, At 403 U.S. At 388

— 4 —

## VI.

**8)** **Demand For Civil Trial**
**Fed. Rules of Civil Procedure**
**Rule 38, and 39(a)**

The Plaintiff Request that the Court Deny Any and All Defendants motion to Dismiss, On the merits of Plaintiff Claims for the Purpose <u>Anderson Vs. Libby Lobby</u>, 477 U.S. At 2510, Showing His Genuine Issues for Civil Trial.

**9)** Herein Demanded, or In the Alternative, the Court Can order the Defendants i.e. to Pay Plaintiff (1 million Dollars) i.e. to Plaintiff, who Has Suffered <u>Irreparable Damages</u> i.e. to His Emotions, By Being Denied Adequate Medical Care, where Defendants, must Have Acted...

* In Bad Faith, Manner, to Cause Obduracy to occur, when Read with 111 S.Ct. At 2326, at 2327
* <u>Wilson V. Seiter</u>, And 429 U.S At 106, applying <u>Deliberate Indifference</u> i.e. to (all Prisoners) medical claims
*** "[ ]

## VII
### Jurisdiction

10) This Court Has Jurisdiction i.e. to Entertain All Defendants Encluding Prisoner Commissioner where by He may Have failed i.e. to Solve, State over Crowding Admiting He would Possible Enjoy Any federal Prison Stay.

    (a) where State Commissioner Has A duty or Policy i.e. to See that All State Prisoners, Recieves, Any Proper medical care due.

    (B) Having Violated State Policy, In failure to Investigate Any deliberate Claims, Involving Any Denial of State Inmates i.e of Proper medical Care did too, Cause the Commissioner i.e to Became Libal, 328 U.S 640 (1946) and Those That follow, As Defendants.

-6-

## VIII.
### Immunity

11) Wheather to say the defendants as Commissioner is Immune when acting in bad faith, manner I.e. to Deny (State Inmates of Alabama) of Proper medical care see MONELL vs NY City Social Services supra

12) <u>Punitive Damages Proper f.R.C.p</u> Rule 23(a) (FRCP) Rule 57

## VIII.
### Jurisdiction II

13) This court, has Jurisdiction to Hear State Medical claims At 12-11-30, Subsection (1975) of 28 U.S.C. 636, Invoked By Provisions 28 U.S.C. 1343(a) <u>Hagan v. Levine</u> 415 U.S. 528 (1967) <u>Bell v. Hodd</u>, <u>United mine workers vs Gibbs Supra</u>, FRCP Rule 23(a) The Court has Jurisdiction At. 28 U.S.C. 1331, 1332 and 1391 of 42 U.S.C. 1983, At <u>Sullivan vs. Little Hunting Park</u>, 28 U.S.C. 1981, where the willful discrimination, operated As Pattern of deliberate Indifference for 18 USC 242

-7-

~~VIII.~~

14) due to the widespread practice of the Named Defendants, etal, Been-ing in the practice of willfully acting with obduracy i.e. to violate United States, State's Inmate Rights, under color of Situated Law, FRCP 23(a)

15) the Plaintiff Request for Civil Sanctions to BE Conferred upon, all defendants from widespread practice of Beening Both Delibered Indifferent, to Proper ... Medical Care, By Omission of acts to Deny Same, under color of Law, Did Violate, 429 U.S. At. 106

I.
Certificate of Service

On Behalf of the Class, Beening So Numerious, ~~for Purpose~~ FRCP Rule 23(a)

I Randell Hampton, 220420 did Notify All defendants of the Action, By 23(a) * Notice of Same, In office of clerk at P.O. Box 711, United States Clerk's office Montgomery, AL. 36130

- 8 -

## Proof of Service

I, Rondell Hampton #226420 did Notify, All defendants of this Actions, and By Affidavits Attached to such (ON Personal knowledge, And Dispositing same for 23(2) (FRCP)

In the United States Federal Court House for the Defendants to Pick up their Copy for approximate, 75 [A] Page.

### III

the Class Beening So Numerous (FRCP) Rule 23(a), whether Read with other Complaints, Simular Situated

Plaintiff: /S/ Rondell Hampton #226420
Bullock Correctional Fac.,
P.O. Box 567
Union Springs AL. 36089

Legal Notice
Request for master,
FRCP Rule 53, for 23(a)
Notice 4T C/O Defendant Atty, etal FRCP 23(a)

-9-