IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RANDALL HAMPTON, #226420,      )
                                )
          Plaintiff,            )
                                )
v.                              )    CIVIL ACTION NO. 2:06-CV-400-MHT
                                )               [WO]
                                )
PRISON HEALTH CARE SERVICES, et al., )
                                )
          Defendant.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Randall Hampton ["Hampton"], a state inmate, challenges the adequacy of medical treatment provided to him at the Bullock Correctional Facility.

Upon review of the complaint, the court concludes that dismissal of Hampton's claims against the Alabama Department of Corrections prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## DISCUSSION

The plaintiff names the Alabama Department of Corrections as a defendant in this cause of action. The law is well-settled that state agencies are immune from suit, *Papasan*

---

1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*v. Allain*, 478 U.S. 265 (1986), and are not persons within the meaning of 42 U.S.C. § 1983.

*See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989).

Thus, the plaintiff's claims against the Alabama Department of Corrections are frivolous as

they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319,

327 (1989).[2]  Such claims are therefore subject to dismissal pursuant to the directives of 28

U.S.C.§ 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Alabama Department of Corrections be dismissed

prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Alabama Department of Corrections be dismissed from this cause of action.

3.  This case, with respect to the claims lodged against the remaining defendants, be

referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before September 5, 2006** the parties may file objections to

the  Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

---

2.  Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C.
§ 1915(e)(2), the analysis contained therein remains applicable to the present statute.

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of August, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE