IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDALL HAMPTON,<br>AIS #226420,<br><br>    Plaintiff,<br><br>v.<br><br>PRISON HEALTH CARE<br>SERVICES, et al.,<br><br>    Defendants. | Civil Action No.<br>2:06-CV-400-MHT |

## SPECIAL REPORT

Come now Alabama Department of Corrections Defendants Henry Perkins, LaSonja Haynes, and Joseph Fitzpatrick, by and through the undersigned counsel in the above-styled action, and file this Special Report as follows:

### PLAINTIFF'S AMENDED ALLEGATIONS

Plaintiff's complaint against the ADOC Defendants alleges that his constitutional rights have been violated by the Defendants; specifically that he has been denied proper medical treatment.

### DEFENSES

The ADOC Defendants allege that they have not violated the Plaintiff's constitutional rights, and demand the strict proof thereof.

The ADOC Defendants allege that the Plaintiff has failed to

state a claim upon which relief can be granted.

The ADOC Defendants allege that they are entitled to qualified immunity against the claims of the Plaintiff.

The ADOC Defendants allege that they are entitled to absolute immunity against the claims of the Plaintiff.

The ADOC Defendants plea the general defense.

The ADOC Defendants allege that the Plaintiff has failed to state a claim upon which a 42 U.S.C. § 1983 action can be maintained.

The ADOC Defendants allege that the Plaintiff has failed to state a claim of any damages suffered as a result of this alleged denial of medical treatment.

The ADOC Defendants allege that the claims of the Plaintiff are barred pursuant to the Prisoner's Litigation Reform Act.

The ADOC Defendants reserve the right to amend their defenses, including additional affirmative defenses, upon the receipt of information through discovery and otherwise.

The ADOC Defendants file an answer and a demand for a jury trial pursuant to the local rules of this Court.

The ADOC Defendants are not physicians nor are they medically trained, and are therefore unqualified to either diagnose or prescribe treatment for Plaintiff's medical problems.

The Plaintiff fails to specify any facts, specifically the

date concerning these Defendants' alleged refusal to provide medical treatment.

The Plaintiff contends that he was denied proper medical treatment for his seizure, yet he fails to allege any deliberate indifference by the ADOC Defendants.

## STATEMENT OF FACTS

Inmate Randall alleges that when he had a 'seizure' in the kitchen area, Defendants Perkins, Haynes and Fitzpatrick didn't take him for medical treatment. A review of Inmate Randall's record does not supports such an allegation happened. Inmate Coleman is currently being treated by the medical staff at Bullock.

## ARGUMENT

The ADOC Defendants that, inasmuch as they have no medical training, they must rely upon the medical expertise of the trained medical personnel at the facility. In Waldrop v. Evans, 681 F.Supp. 840 (M.D. Ga. 1988), aff. 871 F.2d 1030, the Court held that prison supervisory personnel were entitled to rely on the judgment of health care professionals employed by the prison. Defendants know of no clearly established law which imposes upon a prison correctional officer the duty to make medical decisions. If at all, the officers is obliged to facilitate access to the medical staff for the treatment they deem appropriate.

The Plaintiff seeks to impose responsibility upon these Defendants for the alleged actions or inactions of the medical staff.

It is the Defendants' position that Plaintiff cannot rely on a theory of respondent superior to render a defendant liable under 42 U.S.C. 1983 or 1985. The common law doctrine of Respondent Superior is not applicable to render a superior liable under 42 U.S.C. 1983 for the alleged unconstitutional acts of others. Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 45 L.Ed.2d 611 (1978). The mere right to control without any control or direction having been exercised is simply not sufficient to establish liability under §1983, Rizzo v. Goode, 96 S.Ct. 598 (1976).

Although the Supreme Court based its ruling on the language of §1983, there are also many sound policy reasons for not applying Respondent Superior to civil rights cases. The doctrine is a tort law term and the functional equivalent of strict liability. Because strict liability focuses on risk allocation, it has been deemed inappropriate in §1983 litigation, Jennings v. Davis, 476 F.2d 1271 (8th Cir., 1973).

In the case of business torts, the master usually bears some, if not all, of the responsibility of the servant. In the case of government superiors, this is usually not the case due to the merit system. In the business context, the employer

frequently has a deeper pocket and this is not normally the case with government superiors. Thus, a superior in a §1983 action does not and should not have a constitutional duty, based solely upon position, to compensate a plaintiff whose constitutional rights have allegedly been violated by others.

Without question, the courts require a causal connection between the conduct of the person sought to be held liable and the plaintiff's constitutional violation. This causal connection may be established either by the showing of a direct order from the superior or a custom or policy established by the superior. Howell v. Tanner, 650 F.2d 610, 615 (5th Cir., 1981); Vasquez v. Snow, 616 F.2d 217 (5th Cir., 1980).

In the case at bar, Plaintiff has not alleged that a direct order or a custom or policy instituted by Defendants resulted in a violation of 42 U.S.C. 1983. Neither has there been any showing whatsoever of the Defendants' involvement in the incident giving rise to the case at bar.

For some time now, the law in this Circuit has been that vicarious liability is not a viable theory for recovery in a Section 1983 action. Baskin v. Parker, 602 F.2d 1205 (5th Cir. 1979); Wanger v. Bonner, 621 F.2d 675 (5th Cir., 1980).

The Court of Appeals in Wanger, supra, stated:

> "In Baskin, this court held that a sheriff could not be held liable under 42 U.S.C. 1983 for the unlawful actions of his

> deputies on the basis of vicarious liability. <u>Id</u> at 208. Subsequent to <u>Baskin</u>, a plaintiff seeking to impose liability upon a supervisory official for the acts of his subordinates must show that the official was personally involved in the activities resulting in the deprivation of the plaintiff's constitutional rights. <u>Watson v. Interstate Fire & Casualty Co.</u>, 611 F.2d 120 (5th Cir., 1980)."

In order to prevail, the plaintiff must establish a causal connection between an act of the supervisory official and the alleged constitutional violation. <u>Henzel v. Gerstein</u>, 608 F.2d 654 (5th Cir., 1979).

The Fifth Circuit has held that a supervisory official cannot be liable merely for failing to adopt policies to prevent constitutional violations. Liability attaches only when the official affirmatively adopts such policies which are wrongful or legal. <u>Vela v. Smith</u>, 703 F.2d 147 (5th Cir., 1983); <u>Reimer v. Smith</u>, 663 F.2d 1316 (5th Cir., 1981); <u>Rizzo v. Goode, supra</u>; <u>Lozano v. Smith</u>, 718 F.2d 756 (5th Cir., 1983).

There have been no allegations or showing that the Defendants instigated, set in motion, or were responsible for any policy or procedure that resulted in unconstitutional treatment of Plaintiff. Defendants, in their affidavits, deny such action.

In summary, Plaintiff cannot travel under a theory of Respondent Superior to hold Defendants liable for the

Constitutional claims of Plaintiff under 42 U.S.C. 1983.

Numerous courts have also ruled that a theory of Respondent Superior is inapplicable to a case filed under 42 U.S.C. 1983. DiMaggio v. O'Brien, 497 F.Supp. 870 (D.C. Pa. 1980); Edmonds v. Dillin, 485 F.Supp. 722 (D.C. Ohio 1980); Peck v. U.S., 470 F.Supp. 1003 (D.C. NY 1979).

In addition, there is nothing in the inmate's record that supports that the incident even happened.

Wherefore the premises considered, the Defendants pray this Court to grant summary judgment in their favor.

Respectfully submitted,

Kim T. Thomas
General Counsel
Assistant Attorney General

/s/Albert S. Butler
Albert S. Butler
Assistant General Counsel
Assistant Attorney General

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Post Office Box 301501
301 South Ripley Street
Montgomery, Alabama 36130-1501
334-353-3885

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the foregoing documents upon:

Randall Hampton, AIS #226420
Bullock Correctional Facility
P. O. Box 5107
Union Springs, Alabama 36084

by placing a copy of same in the U.S. Mail, properly addressed and postage paid, on this the 2nd day of October, 2006.

                                                /s/Albert S. Butler
                                                Albert S. Butler

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RANDALL HAMPTON, #226420,        )
                                 )
    Plaintiff,                   )
                                 )
v.                               )   CIVIL ACTION NO. 2:06-CV-400-MHT
                                 )
PRISON HEALTH CARE SERVICES, et al., )
                                 )
    Defendant.                   )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Arnold M. Holt, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Arnold M. Holt, and I am presently employed as a Correctional Warden III, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, AL 36089. I am over twenty-one (21) years of age.

I, Arnold M. Holt, have absolutely no knowledge of this incident of which inmate Randall Hampton, B/226420, complains. There is no record of such an incident in his institutional file. His medical record has no report of any seizure activity in the month of April.

The above is true and correct.

_____
Arnold M. Holt

Page 2

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the ___26th___ day of ___September___ 2006.

_____Justine B. Person_____
NOTARY PUBLIC

My Commission Expires: __2/24/2009__

SEAL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RANDALL HAMPTON, #226420,   )
                            )
    Plaintiff,               )
                            )
v.                           )   CIVIL ACTION NO. 2:06-CV-400-MHT
                            )
PRISON HEALTH CARE SERVICES, et al.,   )
                            )
    Defendant.               )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Joseph Fitzpatrick, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Joseph Fitzpatrick, and I am presently employed as a Correctional Officer I, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, AL 36089. I am over twenty-one (21) years of age.

I, Officer Joseph Fitzpatrick, have no knowledge of the incident claimed by inmate Randall Hampton, B/226420.

_____
Joseph Fitzpatrick

Page 2

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the 28th day of September 2006.

_Justine B. Person_
NOTARY PUBLIC

My Commission Expires: 2/24/2009.

SEAL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RANDALL HAMPTON, #226420,       )
                                )
    Plaintiff,                  )
                                )
v.                              )     CIVIL ACTION NO. 2:06-CV-400-MHT
                                )
PRISON HEALTH CARE SERVICES, et al.,  )
                                )
    Defendant.                  )

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared LaSonja Haynes, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is LaSonja Haynes, and I am presently employed as a Correctional Officer I, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, AL 36089. I am over twenty-one (21) years of age.

I, LaSonja Haynes, Correctional Officer I, at Bullock County Correctional Facility, have no knowledge of the incident of which inmate Randall Hampton, B/226420, complains.

_____
LaSonja Haynes

Page 2

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the 28th day of September 2006.

_Justine B. Person_
NOTARY PUBLIC

My Commission Expires: 2/24/2009

SEAL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDALL HAMPTON, #226420, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-400-MHT |
| ) | |
| PRISON HEALTH CARE SERVICES, et al., ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Henry L. Perkins, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Henry L. Perkins, and I am presently employed as a Correctional Officer Supervisor II, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, AL 36089. I am over twenty-one (21) years of age.

Inmate Randall Hampton, B/226420, alleges that I, Henry L. Perkins, an employee at the Bullock County Correctional Facility, holding the rank of Captain, title of Correctional Officer Supervisor II, neglected his (inmate Hampton) medical needs (by not getting him help when needed). I respectfully deny these allegations. On no occasion have I witnessed inmate Hampton, or any other inmate, needing medical attention and done nothing to aid them.

Page 2

I'm aware that inmate Hampton allegedly has medical problems. He has told me that he has seizures. He has also told me that his legs get weak on him, thus causing him to fall. Inmate Hampton has further stated that when his legs get weak, causing him to fall, that it passes within a few seconds and he is then all right. There have also been times when inmate Hampton has attempted to harm himself. I cannot say that every time inmate Hampton had a seizure or his legs became weak on him, that he received the proper care/attention. What I can say is that I'm not aware of any incident or situation involving any illness, accident or intentional self-harm to inmate Hampton, in which he did not get proper medical attention.

As for inmate Sidney Clayton-Bey, B/224797, stating that he (Sidney Clayton-Bey) witnessed Capt. Perkins state, "Leave his stupid a—on the floor," I (Capt. Perkins) respectfully deny this allegation. I am a Captain, an authority figure, at the Bullock County Correctional Facility; and there is absolutely no way I would witness any inmate, or anyone, in a medical crisis, and not render assistance.

I respectfully deny all allegations made by inmates Randall Hampton and Sidney Clayton-Bey. I have no knowledge of inmate Hampton having a seizure, being on the floor in the kitchen, or even receiving any medical treatment on the day of this alleged occurrence.

Henry L. Perkins

Page 3

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the 27th day of September, 2006.

_Justine B. Person_
NOTARY PUBLIC

My Commission Expires: 2/24/2009

SEAL