IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDALL HAMPTON, #226420, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-400-MHT |
| | ) |
| PRISON HEALTH CARE SERVICES, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION**

Upon review of the document filed by the plaintiff on October 6, 2006 (Court Doc. No. 27), which the court construes as a motion for leave to amend, and for good cause, it is

ORDERED that:

1. The motion be and is hereby DENIED to the extent that the plaintiff seeks to add the warden of Bullock County Correctional Facility and the commissioner of the Alabama Department of Corrections as defendants because the plaintiff's claims against these individuals are based on a theory of respondeat superior and/or vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994).

2. The motion to amend be and is hereby GRANTED to the extent that the plaintiff (i) seeks to name Dr. Sediet as a defendant, and (ii) assert additional facts in support of his claims for relief against the original defendants.

3. The original defendants and Dr. Sediet shall undertake a review of the subject matter of the complaint, as amended, (a) to ascertain the facts and circumstances; (b) to consider whether any action should be taken to resolve the subject matter of the complaint; and (c) to determine whether other similar complaints should be considered together.

4. The defendants shall file a written report containing the sworn statements of all persons having knowledge of the subject matter of the amendment to the complaint. This report shall be filed with the court and a copy served upon the plaintiff within forty (40) days of the date of this order. Authorization is hereby granted to interview all witnesses, including the plaintiff. <u>Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report. Where the plaintiff's claims or the defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines.</u>

5. An answer shall be filed by the defendants addressing the amendment to the complaint within forty (40) days from the date of this order.

6. <u>No</u> motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint, as amended, be filed by any party without permission

of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.

**The plaintiff is CAUTIONED that this court will not continue to grant him leave to amend without a showing of exceptional circumstances.**

The CLERK is hereby DIRECTED to furnish a copy of this order to the plaintiff and a copy of this order, the complaint and amendment to the complaint to Dr. Sediet. A copy of this order and the amendment to the complaint shall likewise be furnished to counsel of record for the original defendants.

Done this 10th day of October, 2006.

                                      /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE