IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| RANDALL HAMPTON, (AIS #226420) | * |
| | * |
| Plaintiff, | * |
| V. | 2:06-CV-400-MHT |
| | * |
| PRISON HEALTH CARE SERVICES, | * |
| Defendant. | * |
| | * |

**DEFENDANTS PRISON HEALTH SERVICES, INC. AND TAHIR SIDDIQ, M.D.'s RESPONSE TO COURT ORDER DATED NOVEMBER 21, 2006**

COME NOW the Defendants, Prison Health Services, Inc. (identified in the Plaintiff's Amended Complaint as "Prison Health Care Services") (hereinafter "PHS") and Tahir Siddiq, M.D. (identified incorrectly in Plaintiff's Amended Complaint as "Dr. Sediet") in response to this Honorable Court's Order of November 21, 2006 and present the following:

1. On November 21, 2006, this Honorable Court issued an Order directing Defendant Tahir Siddiq. M.D. to present an Affidavit which (1) contains a detailed explanation of the treatment provided to the Plaintiff as is relevant to the claims pending before the Court, (2) interprets the medical records relevant to the claims presented in the complaint, as amended, and (3) identifies those portions of the medical records which support the assertions set forth in the aforementioned affidavit. (See Order dated November 21, 2006).

2. Dr. Siddiq has reviewed this Court's Order and has responded with his supplemental affidavit attached hereto as Exhibit "G."

3.  It appears from a comprehensive reading of the Plaintiff's amended complaints in this matter that the Plaintiff makes the following allegations:

(1) that he has seizures and that Dr. Siddiq did not help him "most of the time" (See Complaint);

(2) that unknown medical staff personnel at Bullock County Correctional Facility have caused Hampton to suffer unspecified physical injury (Id.);

(3) that unknown medical staff ignored Mr. Hampton during an emergency situation on an unspecified date (Id.);

(4) that unknown medical staff at Bullock left Mr. Hampton alone while he was having a seizure on an unspecified date (See Amended Complaint dated August 16, 2006);

(5) that Dr. Siddiq has refused to give Hampton appropriate medication for his seizure condition (Id.); and

(6) that Hampton did not receive appropriate medical care in April of 2006 subsequent to suffering a head laceration. (See Second Amended Complaint dated October 6, 2006).

3.  As discussed in Dr. Siddiq's original Affidavit pending before the Court, Mr. Hampton developed a seizure disorder in 1995 secondary to a closed head injury. (See Exhibit "A"). Mr. Hampton began his incarceration at Bullock County Correctional Facility in February 2003, approximately eight years later. Since that time, Mr. Hampton's condition for seizures[1] has been maintained with Tegretol[2] and Phenobarbital[3]. These medications are indicated for Mr. Hampton's treatment, and have been adjusted as warranted by his changing condition. (See Exhibit "B"). In order to insure that these medications remain at therapeutic levels, Mr. Hampton is provided

---

[1] When Mr. Hampton presents to the healthcare unit with complaints for seizure he often complains that "his legs have gone out."

[2] Tegretol is an anticonvulsant used in the treatment of seizure disorders, including certain types of epilepsy. It is also prescribed for trigeminal neuralgia (severe pain in the jaws) and pain in the tongue and throat.

[3] Phenobarbital, a barbiturate, is used to control epilepsy (seizures) and as a sedative to relieve anxiety.

routine lab work. (See Exhibit "C"). Mr. Hampton is provided routine lab work as part of his treatment regimen in Bullock's chronic care clinic. (See Exhibit "D"). Mr. Hampton has also been afforded numerous diagnostic evaluations, including a CT scan of the brain, an x-ray of the left knee, lumbar and cervical spine x-rays, an x-ray to the left elbow and two x-rays of the skull. All of these examinations were normal. (See Exhibit "E").

4.  Each time Mr. Hampton has presented to the infirmary with complaints of seizure activity or leg weakness he has been provided appropriate nursing evaluation and medical treatment. There is no indication in this inmate's medical records that any of PHS' medical staff have caused him to suffer physical injury.

5.  Moreover, while Mr. Hampton claims that he has been ignored in an emergency situation, he has not specified which "situation" he is referring to. Mr. Hampton also claims that an unknown staff member left him alone without medical attention while he was having a seizure. Again, however, there is no date or time indicated for the event he describes.

6.  With regard to Mr. Hampton's allegation that Dr. Siddiq failed to provide him with appropriate treatment in April of 2006 subsequent to striking his head on the floor of Bullock's kitchen, there is simply no indication in Mr. Hampton's medical chart that he presented for treatment subsequent to a fall in Bullock's kitchen in April of 2006. There is no indication that Dr. Siddiq placed fifteen stitches in Mr. Hampton's head in April 2006 as he claims; and Dr. Siddiq has testified that he has no memory of providing Mr. Hampton with stitches in April of 2006.[4]

---

[4] A review of this inmate's medical records does indicate, however, that Dr. Siddiq sutured a 1 cm. laceration on Mr. Hampton's scalp on April 8, 2003 (three years earlier). (See Exhibit "F").

7. Based on Dr. Siddiq's review of Mr. Hampton's medical records, and on his personal knowledge of the treatment provided to Mr. Hampton, it is Dr. Siddiq's medical opinion that all of Hampton's medical conditions and complaints have been evaluated in a timely fashion at Bullock County Correctional Facility, and that his diagnosed conditions have been treated in a timely and appropriate fashion. At all times, Hampton has received appropriate medical treatment for his health conditions from Dr. Siddiq and the other PHS personnel at Bullock. At no time has Hampton been denied any needed medical treatment. In other words, it is Dr. Siddiq's opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

8. At no time has Dr. Siddiq or any of the PHS staff at Bullock County Correctional Facility denied Mr. Hampton any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Hampton. At all times, Hampton's known medical complaints and conditions have been addressed as promptly as possible under the circumstances.

Respectfully submitted this the 4th day of December, 2006.

    s/L. Peyton Chapman, III
    Alabama State Bar Number CHA060
    s/R. Brett Garrett
    Alabama State Bar Number GAR085
    Attorneys for Defendants PHS, and
    Tahir Siddiq, M.D.

    RUSHTON, STAKELY,
    JOHNSTON & GARRETT, P.A.
    Post Office Box 270
    Montgomery, Alabama 36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certified that I have mailed via U.S. mail, properly addressed and first-class postage prepaid, the foregoing document this the 4th day of December, to the following:

Randall Hampton, (AIS #226420)
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL 36089

s/R. Brett Garrett GAR085
Attorney for Prison Health Services,
Inc. and Tahir Siddiq, M.D.

5