IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| RANDALL HAMPTON, (AIS #226420) | * |
| | * |
| Plaintiff, | * |
| | * |
| V. | 2:06-CV-400-MHT |
| | * |
| PRISON HEALTH CARE SERVICES, | * |
| | * |
| Defendant. | * |
| | * |

## SUPPLEMENT TO SPECIAL REPORT OF DEFENDANTS PRISON HEALTH SERVICES, INC. AND TAHIR SIDDIQ, M.D.

COME NOW the Defendants, Prison Health Services, Inc. (identified in the Plaintiff's Amended Complaint as "Prison Health Care Services") (hereinafter "PHS") and Tahir Siddiq, M.D. (identified incorrectly in Plaintiff's Amended Complaint as "Dr. Sediet") and supplement their Special Report currently pending before the Court to add the following argument:

### I. ARGUMENT

**A.  The Plaintiff has failed to exhaust his administrative remedies prior to filing suit in violation of the Prison Litigation Reform Act (PLRA).**

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e et seq., in 1996 in the wake of a sharp rise in prisoner litigation in the federal courts. See, e.g., Alexander v. Hawk, 159 F.3d 1321, 1324-1325 (CA11 1998) (citing statistics).[1] The PLRA was enacted in attempts to eliminate unwarranted federal-court interference with the administration of prisons, and

---

[1] The PLRA contains a variety of provisions designed to bring inmate litigation under control. See, e.g., § 1997e(c) (requiring district courts to weed out prisoner claims that clearly lack merit); § 1997e(e) (prohibiting claims for emotional injury without prior showing of physical injury); § 1997e(d) (restricting attorney's fees).

thus, to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Nussle, 534 U.S., at 525, 122 S. Ct. 983, 152 L. Ed. 2d 12. See also Booth, 532 U.S., at 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958. The PLRA was also designed to "reduce the quantity and improve the quality of prisoner suits." Nussle, supra, at 524, 122 S. Ct. 983, 152 L. Ed. 2d 12.

A centerpiece of the PLRA's effort "to reduce the quantity . . . of prisoner suits" is an "invigorated" exhaustion provision. See § 1997e(a), and Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002).[2] Specifically, the PLRA provides that prisoners may not file suit in Federal court for complaints regarding prison conditions unless they have first fully extinguished all administrative remedies available. Specifically,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e (a) (2000 ed.) (emphasis added).

Id. Courts have determined that under the PLRA, exhaustion of administrative remedies is no longer left to the discretion of the district court, but is mandatory. See Booth v. Churner, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) (emphasis added). 42 USC § 1997e states:

(c) Dismissal
(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section

---

[2] Requiring proper exhaustion gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors. This is particularly important in relation to state corrections systems because it is "difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons." Preiser v. Rodriguez, 411 U.S. 475, 491-492, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

> 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Id. (emphasis added).

In order to avoid dismissal, prisoners must exhaust all "available" remedies, not just those that meet federal standards. Moreover, exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983. See Nussle, supra, at 524, 122 S. Ct. 983, 152 L. Ed. 2d 12. See Pozo v. McCaughtry, 286 F.3d 1022, 1025 (CA7) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"), cert. denied, 537 U.S. 949, 123 S. Ct. 414, 154 L. Ed. 2d 293 (2002); Ross v. County of Bernalillo, 365 F.3d 1181, 1185-1186 (CA10 2004) (same); Spruill v. Gillis, 372 F.3d 218, 230 (CA3 2004) (same); Johnson v. Meadows, 418 F.3d 1152, 1159 (CA11 2005) (same).

A prisoner's lack of knowledge regarding the existence of the procedure does not relieve his/her responsibility to exhaust administrative remedies, and failure of officials to provide grievance forms is not a legitimate defense. See Abney v. McGinnis, 380 F. 3d 663 (2nd Cir. 2004). So long as the prisoner has access to writing material and officials do not interfere with the procedure, the process must be followed to conclusion before suit is filed. Id.

As relevant to the case at bar, PHS has established a simple three-step procedure for identifying and addressing inmate grievances at Bullock County Correctional Facility. (See Affidavit of Brandee Player, H.S.A., attached hereto as Exhibit "A"). If an inmate

has a grievance regarding a healthcare issue he must submit to the healthcare unit a "Medical Complaint Form." (Id.) These are standard forms that may be requested from an inmate's supervising officer in his dormitory. (Id.) The Medical Compliant Form allows an inmate to communicate any healthcare related concern by placing the form in the sick call box or mailbox to be forwarded to the healthcare unit. (Id.) Brandee Player, H.S.A. subsequently reviews the complaint and responds accordingly via in-house mail or with a face-to-face consultation. (Id.)

If an inmate is unsatisfied with H.S.A. Player's response, he may request an "Inmate Formal Grievance" form from the healthcare unit. (Id.) This form allows an inmate to again voice his concerns relating to the healthcare issue addressed within the Medical Complaint Form. (Id.) H.S.A. Player again responds to the inmate accordingly via in-house mail or with a face to face consultation. (Id.)

If the inmate is still unsatisfied with H.S.A. Player's response, he may request from the healthcare unit an "Inmate Grievance Appeal" form. (Id.) This form is submitted to H.S.A. Player and represents the final step of the appeal process. (Id.) After an inmate submits an appeal, H.S.A. Player will meet with the inmate again, face-to-face, in a final attempt to address his concerns verbally. (Id.)

Randall Hampton has filed suit in this matter alleging that PHS and Dr. Siddiq have failed to provide him with appropriate medical care for a seizure condition and that Dr. Siddiq specifically has failed to provide him with appropriate medical care for an alleged scalp laceration in April of 2006. (Id.) However, Mr. Hampton has failed to exhaust Bullock's informal grievance procedure relating to the receipt of medical care for these alleged conditions. (Id.) Specifically, Mr. Hampton has failed to submit any

grievances to the healthcare unit in efforts to resolve his concerns informally. (Id.) He has not submitted a Medical Complaint Form, an Inmate Formal Grievance form or an Inmate Grievance Appeal form. (Id.) As such, the healthcare unit at Bullock has not been afforded the opportunity to resolve Mr. Hampton's medical complaints prior to filing suit. (Id.)

## II. CONCLUSION

Since Mr. Hampton has failed to extinguish those administrative remedies available for him at Bullock, the Prison Litigation Reform Act of 1995 (PLRA) demands that the Plaintiff's lawsuit be dismissed. The Defendants further adopt and incorporate by reference all other arguments and defenses presented to this Honorable Court previously within their pending Special Report.

Respectfully submitted this the 4th day of December, 2006.

s/L. Peyton Chapman, III
Alabama State Bar Number CHA060
s/R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for Prison Health Services,
Inc. and Tahir Siddiq, M.D.

RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama  36101-0270
Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certified that I have mailed via U.S. mail, properly addressed and first-class postage prepaid, the foregoing document this the 4th day of December, 2006, to the following:

Randall Hampton, (AIS #226420)
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL 36089

                                                 s/R. Brett Garrett GAR085
                                                 Attorney for Prison Health Services,
                                                 Inc. and Tahir Siddiq, M.D.