IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RANDELL HAMPTON, #226420, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACTION NO. 2:06cv400-MHT |
| ) | (WO) |
| PRISON HEALTH SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Randell Hampton ("Hampton"), a state prisoner, claims his civil rights were violated during his imprisonment in the Bullock County Correctional Facility. He names as defendants Prison Health Services, Dr. Tahir Siddiq, Captain Henry Perkins, correctional officer LaSonja Haynes and correctional officer Joseph Fitzpatrick. Specifically, Hampton contends that the defendants acted with deliberate indifference to his health by "not getting [him] help when needed." According to Hampton, when he had seizures, the defendants ignored him and did not provide medical treatment to him. The plaintiff seeks damages and injunctive relief and demands trial by jury.

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 1343(c)(3). The defendants filed written reports and supporting evidentiary materials addressing Hampton's claims for relief. (Docs. ## 25, 30, 32 & 35). The court deems it appropriate to treat these responsive pleadings as motions for summary judgment. Upon consideration of the motions, the evidentiary materials filed in support thereof, and the responses in

opposition filed by Hampton, the court concludes that the defendants' motion for summary judgment should be granted in part and denied in part.

## II. DISCUSSION

### A. *Claims for Injunctive Relief*

During the pendency of this action, Hampton was transferred from the Bullock County Correctional Facility to another correctional facility within the State of Alabama. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the Alabama Department of Corrections' Inmate Locator website, the plaintiff is now housed at Limestone Correction Facility. *See* http://www.doc.state.al.us/inmsearch.asp Because Hampton is no longer incarcerated at Bullock County Correction Facility, his requests for injunctive relief have been rendered moot.

### B. *Standard of Review*

To survive the defendants' properly supported motions for summary judgment, the plaintiff is required to produce some evidence to support his constitutional claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A

plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex,* 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

*C. Medical Defendants*

In their reports, the medical defendants, Prison Health Services and Dr. Siddiq, assert that the claims against them are due to be dismissed because Hampton has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Specifically, the defendants maintain and the undisputed evidentiary material demonstrates that, with respect to the claims against Prison Health Services and Dr. Siddiq, Hampton has failed to exhaust the administrative remedies available to him through the medical defendants' grievance procedure. (Doc. # 35).

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a)

states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Jones v. Bock,* ___ U.S. ___, 127 S.Ct. 910, 918-19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). *See also Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the plaintiff is required by the PLRA to *properly* exhaust his claims. *Woodford v. Ngo*, 548 U.S. 81, ___, 126 S.Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." *Id.* at 2386. Thus, "a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 2384.

4

It is undisputed that Prison Health Services has a grievance procedure and that Hampton has not availed himself of it. First, an inmate may submit a written inmate grievance form to Prison Health Services. Thereafter, a Prison Health Services Department Head reviews the grievance and provides a response to the inmate. An inmate who "wish[es] to appeal this review . . . may request a form from the Health Services Administrator [and] [r]eturn the completed form to the attention of the Health Service Administrator . . . in the sick call request box or [by] giv[ing] it to the segregation sick call nurse on rounds." (Doc. # 34, Ex. H). The undisputed evidentiary materials demonstrate that Hampton failed to file any grievance challenging the actions about which he complains in the instant complaint. In response to the defendants' special report, Hampton does not dispute the defendants' affirmative defense that he failed to exhaust an available administrative remedy. The court therefore concludes that Hampton's failure to exhaust an administrative remedy provided by the medical defendants require dismissal of his claims against them challenging the medical treatment provided to him. *See Jones*, ___ U.S. at ___, 127 S.Ct. at 923; *Woodford*, ___ U.S. at ___, 126 S.Ct. at 2383; *Porter*, 534 U.S. at 524; *Booth*, 532 U.S. at 739. Consequently, the medical defendants' motion for summary judgment should be granted.

However, the PLRA does not require dismissal of the entire complaint when the plaintiff has failed to exhaust some, but not all, of his claims. *Jones*, ___ U.S. at ___, 127 S.Ct. at 924. Thus, the court turns to the plaintiff's remaining claims against the correctional defendants.

*D. Correctional Officers*

*1. The Law.* To prevail in a suit based on an Eighth Amendment claim about medical attention, a prisoner must show, at a minimum, that prison or medical officials have acted with deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

A correctional officer may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). "When officials become aware of a threat to an inmate's health and safety, the eighth amendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). *See also, Hopkins v. Britton*, 742 F.2d 1308, 1310 (11th Cir. 1984); *Gullatte v. Potts*, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[1]

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

A claim about a failure to provide immediate medical attention must involve medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176 (11th Cir. 1994).

> The "seriousness" of an inmate's medical needs also may be decided by reference to the effect of delay in treatment. . . . Where the delay results in an inmate's suffering "a life-long handicap or permanent loss, the medical need is considered serious." . . . An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Further, we have held that "the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994) (emphasis added). Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay.

*Hill,* 40 F.3d at 1188-89.

*2. Correctional officers Haynes and Fitzpatrick.* The plaintiff alleges that officers Haynes and Fitzpatrick "neglected [his] medical needs by not getting [him] help when needed." According to Hampton, when he had a seizure, Haynes and Fitzpatrick ignored him and did not get him medical treatment. However, neither this allegation nor any supporting facts are contained within Hampton's sworn pleadings.

In their motion for summary judgment, these defendants deny any knowledge of the

---

September 30, 1981.

7

incident about which Hampton complains.[2] In response to their motion for summary judgment, Hampton has come forward with no evidence to rebut these defendants' evidence about their knowledge of his complaint. He does not point the court to any evidence that would support his allegations that Haynes and Fitzpatrick ignored a serious medical condition, or that he suffered any detrimental effect as a result of these defendants' alleged actions. In addition, the plaintiff presents the court no evidence that these defendants in any way disregarded a substantial risk to his health by delaying medical treatment. *See generally Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003). Perhaps more importantly, the plaintiff has failed to come forward with any evidence that the defendants knew that he faced as a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra.* The burden is on the party opposing summary judgment to submit affirmative evidence demonstrating that there exists a genuine issue of material fact regarding an essential element of the claim. *Celotex,* 477 U.S. at 322. The plaintiff must go beyond the pleadings and "designate 'specific facts' showing that there is a genuine issue for trial." *Id*. at 324. Therefore, it is clear that the plaintiff has failed to establish a genuine issue about deliberate indifference on the part of these defendants, and the court concludes that defendants Haynes and Fitzpatrick's motion for summary judgment is due to be granted.

---

[2] In their affidavits in support of their motion for summary judgment, both Haynes and Fitzpatrick aver that they "have no knowledge of the incident claimed by inmate Randall (sic) Hampton, . . ." (Doc. # 25 at 11 & 13).

*3. Captain Henry Perkins.* Unlike his claims against Haynes and Fitzpatrick, Hampton alleges in his sworn complaint, as amended, that he had a seizure in the kitchen which caused him to fall and strike his head. As a result of the fall, he sustained a laceration to his head which required 15 stitches. Hampton contends that defendant Perkins witnessed this seizure, watched him fall, and then failed to secure medical treatment for him. (Docs. # 1 & 27).

Perkins responds that "[o]n no occasion have I witnessed inmate Hampton, or any other inmate, needing medical attention and done nothing to aid them." (Doc. # 25 at 15). According to Perkins, the incident about which Hampton complains never occurred. "I have no knowledge of inmate Hampton having a seizure, being on the floor in the kitchen, or even receiving any medical treatment on the day of this alleged occurrence." (*Id*. at 16).

The law in this circuit is well established that "facts alleged in an inmate's sworn pleading are sufficient" to withstand summary judgment. *Sammons v. Taylor,* 967 F.2d 1533, 1545 (11th Cir. 1992); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986). Consequently, Perkins' denial of Hampton's claim creates a genuine issue of fact which precludes summary judgment. Because of the disputed issues of fact, consideration of Perkins' claim of qualified immunity is also precluded at this time. Thus, Captain Perkins' motion for summary judgment is due be denied.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants Prison Health Services and Tahir Siddiq's motion for summary judgment (docs. ## 32 & 35) be GRANTED and the claims against these defendants be DISMISSED without prejudice.

2. Defendants Prison Health Services and Tahi Siddiq be DISMISSED as defendants in this action.

3. Defendants Haynes and Fitzpatrick's motion for summary judgment (docs. ## 25 & 30) be GRANTED and the claims against these defendants be DISMISSED with prejudice.

4. Defendants Haynes and Fitzpatrick be DISMISSED as defendants in this action.

5. Defendant Perkins' motion for summary judgment (docs. ## 25 & 30) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before March 10, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of February, 2008.


       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE