IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RANDELL HAMPTON,**   )<br>  )<br>Plaintiff,   )<br>  )<br>vs.   )<br>  )<br>**HENRY PERKINS,**   )<br>  )<br>Defendant.   )<br>  )<br>  ) | Civil Action Number<br>**2:06-CV-400-MHT** |

## DEFENDANT'S REQUESTED JURY CHARGE NO. 1

In this case the Plaintiff, Randall Hampton, claims that the Defendant, Henry Perkins, while acting "under color" of state law, intentionally violated the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendant was acting under color of state law as an employee of the Bullock Correctional Facility, the Defendant intentionally violated the Plaintiff's right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the Constitution.

More specifically, the Plaintiff claims that the Defendant was deliberately indifferent to the Plaintiff's serious medical needs.

Under the Eighth Amendment anyone who is convicted and detained under state law is entitled to necessary medical care, and a corrections officer would violate that right

1

if the officer is deliberately indifferent to an inmate's serious need. Stated another way, to be deliberately indifferent to an inmate's serious medical need amounts to the imposition of cruel and unusual punishment in violation of the Eighth Amendment.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Notice, however, that deliberate or intentional conduct on the part of the officer is required before any violation of the Constitution occurs. Mere negligence or a lack of reasonable care on the part of the officer is not enough; the Plaintiff must prove deliberate and intentional conduct resulting in a deprivation of the Plaintiff's constitutional rights through the infliction of cruel and unusual punishment.

In order to establish his claim, therefore, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Plaintiff had a "serious medical need" as previously defined;

Second: That the Defendant was aware of the Plaintiff's serious medical need;

Third: That the Defendant with deliberate indifference, failed to provide the necessary medical care;

Fourth: That in so doing, the Defendant acted "under color" of state law; and

Fifth: That the Defendant's acts were the proximate or legal cause of the damages sustained by the Plaintiff.

2

In this case the Defendant does not dispute that being employed by ADOC as a Captain, he would have acted under color of state law.

With regard to the fifth required element of proof - - that the Defendant's acts were the proximate or legal cause of the damages sustained by the Plaintiff - - remember that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

Source: 11th Circuit Pattern Jury Instructions 2.3.2

_____                                      _____
Given                                               Refused


                                                    _____
                                                    United States District Judge

3