IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **RANDELL HAMPTON,** | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Civil Action Number **2:06-CV-400-MHT** |
| **HENRY PERKINS,** | ) ) | |
| Defendant. | ) ) ) ) | |

## DEFENDANT'S REQUESTED JURY CHARGE NO. 2

There are two components to be accessed in determining whether an Eighth Amendment violation occurred - an objective and a subjective component. The objective component inquires into whether the Defendant was deliberately indifferent. The subjective component necessitates an inquiry into the Defendant's state of mind.

The Plaintiff bears the burden of proving both the objective and subjective components. First, the Plaintiff must prove that the Defendant was "deliberately indifferent" to Hampton - that is that the Defendant's conduct was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be so intolerable to fundamental fairness." Only if the Defendant is found to have, in fact, acted with deliberate indifference is the second component to be considered.

1

The second component is a subjective one - that is did the defendant act with a "sufficiently culpable state of mind." An inquiry into the particular defendant's state of mind is mandatory. The Plaintiff must prove that the Defendant acted with an actual intent to harm Hampton. This finding must be made considering the constraints facing the Defendants. Only if the Plaintiff proves that the Defendant was both deliberately indifferent to Randell Hampton <u>and</u> that he intended to harm him can an Eighth Amendment violation be found.

Source: **Wilson v. Seiter,** 501 U.S. 294, 111 S. Ct. 2321 (1991)

_____    _____
Given                                    Refused

_____
United States District Judge

2